UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**UNITED STATES OF AMERICA,**   Case No. 05-cr-093(01) (JNE/JGL)

   Plaintiff,

v.   **REPORT AND RECOMMENDATION**

**GERARDO GURROLA (01),**

   Defendant.

---

APPEARANCES

Chris Wilton, Esq., Assistant United States Attorney, for Plaintiff United States of America

Patrick Nwaneri, Esq. for Defendant Gerardo Gurrola

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on May 3, 2005. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

**I.   INTRODUCTION**

An Indictment was filed against Defendant Gerardo Gurrola and Alejandro Rojas Mondragon, charging them with (1) one count of conspiracy to distribute and possess with intent to distribute methamphetamine; (2) two

counts of distribution of methamphetamine; and (3) one count of possession with intent to distribute methamphetamine.  This Court held a pretrial motion hearing on May 3, 2005 at which Gurrola was present and represented by counsel.  DEA Agent Shelly Howe testified, and a CD containing still pictures from a videotape was admitted into evidence as Exhibit 1.

Gurrola's dispositive pretrial motion is addressed in this Report and Recommendation.  Gurrola's non-dispositive motions will be addressed in a separate Order.

## II.   DISCUSSION

Gurrola has filed a motion to suppress evidence and dismiss the complaint.  As grounds for dismissal of the complaint, he contends that he was arrested without a warrant or probable cause.  (Def.'s Mot. Suppress Ev. & Dismiss Compl. at 1.)  As grounds for suppression, he asserts that (1) any evidence from tape recordings, wiretaps, confessions, admissions, or statements was taken in violation of his statutory and constitutional rights; and (2) the initial stop, arrest, and detention of Gurrola by police was made without a warrant or probable cause.  (Id. at 1-2.)

### A.   Relevant Facts

The following evidence was taken from DEA Agent Shelly Howe at the hearing.  In January 2005, Agent Howe was working with a confidential

informant investigating methamphetamine distribution by two individuals. The informant was considered reliable in that s/he had produced corroborating information in the past leading to arrests and confiscation of drugs. The informant met with two Hispanic males in January 2005, who asked the informant if he was selling methamphetamine. The informant exchanged phone numbers with the men, and the men gave the informant a small amount of cocaine, which s/he turned over to Agent Howe. Agent Howe identified the men as Gerardo Gurrola and Alejandro Mondragon.

On February 3, 2005, the informant consented to making a recorded phone call to Gurrola. During the call, the individual on the other line identified himself as Gerardo Gurrola. The informant and Gurrola discussed a purchase of approximately four ounces of methamphetamine, and they arranged to meet the next day at a Walgreens parking lot in St. Paul.

On the day of the buy, several agents and officers conducted surveillance at the parking lot, including video surveillance on the informant's vehicle. Gurrola arrived at the scene and was identified by his license plate, car registration, and driver's license photo. Gurrola got into the informant's vehicle, and the informant showed him $4000.00 of buy money. Gurrola said he needed to talk to his friend. He exited the vehicle, returned to his car, and drove away. At that time, Mondragon got into the informant's vehicle and gave

the informant four ounces of methamphetamine in exchange for the money. Agents continued surveillance of Gurrola until he arrived at a trailer home in Wisconsin.

On February 15, 2005, the informant consented to making another recorded phone call to Gurrola, and they discussed a similar transaction.  Just prior to the second buy, when the informant was already at the Walgreens parking lot, the informant and Gurrola phoned back and forth trying to discern what vehicle the informant was driving and what vehicle Gurrola would be driving.  Instead of Gurrola, however, the vehicle from the first transaction arrived.  Mondragon got into the passenger side of the informant's vehicle, and the two men exchanged four ounces of methamphetamine for $4000.00.  About five minutes after Mondragon left the area, surveilling officers spotted Gurrola in the Walgreens parking lot.  Agent Howe followed Gurrola to his home.

A third transaction was arranged for February 24, 2005 between the informant and Gurrola, again by a consensually recorded phone conversation.  This time, the controlled buy was for two pounds of methamphetamine.  The informant met Mondragon in the Walgreens parking lot, but he left before the transaction occurred.  Mondragon was arrested, and officers recovered two pounds of methamphetamine from him.  Officers set up

surveillance around Gurrola's home and followed him when he drove away. His car was stopped for identification purposes, and he was arrested at that time.

### B. **Probable Cause**

The Court first finds that there was probable cause to arrest Gurrola. "Probable cause to conduct a warrantless arrest exists when at the moment of arrest police have knowledge of facts and circumstances grounded in reasonably trustworthy information sufficient to warrant a belief by a prudent person that an offense has been or is being committed by the person to be arrested." United States v. Hartje, 251 F.3d 771, 775 (8th Cir. 2001) (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)). Here, the informant spoke with Gurrola by phone and arranged for three drug transactions. During the first buy, Gurrola got into the informant's vehicle and was shown the buy money. It was reasonable to infer that the sole purpose of his entering the informant's vehicle was to verify that the informant was going to buy the drugs. The details of the three transactions indicate that Gurrola and Mondragon were working together to sell methamphetamine. These facts provided more than adequate probable cause to arrest Gurrola. Thus, his motion to dismiss and his motion to suppress, both based on lack of probable cause for his arrest, should be denied.

- 5 -

### C. <u>Consent to Recorded Phone Calls</u>

Next, the Court finds that no evidence was seized in violation of Gurrola's constitutional or statutory rights. Specifically, Gurrola suggests that the Government did not have consent to record the phone conversations between him and the informant. Gurrola notes that the Government has not produced written consent from the informant or a court order authorizing a wiretap or recording.

Title 18 U.S.C. § 2511(2)(c) permits the Government to lawfully intercept a communication if one party has given his prior consent. The Government bears the burden of proving consent. <u>United States v. Gomez</u>, 900 F.2d 43, 44 (5th Cir. 1990.) Consent can be proven by testimony from a law enforcement officer with direct knowledge of the details of the phone call. <u>See</u> <u>id.</u> Here, Agent Howe testified that the informant consented to recording each of the three phone calls. Thus, the Government has met its burden to prove consent, and Gurrola's motion to suppress evidence should be denied.

### D. <u>New Issues Raised in Gurrola's Post-Hearing Brief</u>

In his post-hearing memorandum, Gurrola suggests for the first time that the Government's evidence is insufficient to establish a conspiracy between Gurrola and Mondragon. This is an issue for trial; the evidence adduced at the motion hearing did not constitute the entirety of the

Government's case. Gurrola's lone citation, to the Manual of Model Criminal Jury Instructions (Def.'s Additional Mem. Supp. Mot. Dismiss Indictment & Suppress at 2), supports this conclusion.

Gurrola also submits that the Government refused to produce the informant at the hearing and therefore violated the Confrontation Clause. The Court rejects this argument for two reasons. First, Gurrola did not ask the Government to produce the informant at the hearing. Second, the Government is not required by the Confrontation Clause to produce a confidential informant at a pretrial hearing. McCray v. Illinois, 386 U.S. 300, 311-14 (1967).

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Suppress Evidence and/or to Dismiss Complaint (Doc. No. 42) should be **DENIED**.

Dated: June 13, 2005

                          s/ Jonathan Lebedoff
                          JONATHAN LEBEDOFF
                          Chief United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by <u>June 30, 2005</u>.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.  Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.